19-1690-cv
*A.N., et al. v. Bd. of Educ.*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of April, two thousand twenty.

PRESENT:    AMALYA L. KEARSE
               JOHN M. WALKER, JR.,
               JOSÉ A. CABRANES,
                     *Circuit Judges.*

---

A.N., INDIVIDUALLY AND ON BEHALF OF R.N.,
R.N., INDIVIDUALLY AND ON BEHALF OF R.N.,

        *Plaintiffs-Appellees,*               19-1690-cv

        v.

BOARD OF EDUCATION FOR THE IROQUOIS CENTRAL
SCHOOL DISTRICT,

        *Defendant-Appellant.*

---

| | |
|---|---|
| **FOR PLAINTIFFS-APPELLEES:** | CAROLYN N. GORCZYNSKI, Law Offices of Carolyn Nugent Gorczynski, Buffalo, NY. |
| **FOR DEFENDANT-APPELLANT:** | ALLISON B. FIUT (Jeffrey J. Weiss, *on the brief*), Harris Beach PLLC, Buffalo, NY. |

Appeal from a judgment of the United States District Court for the Western District of New York (Michael A. Telesca, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the May 21, 2019, judgment of the District Court be and hereby is **AFFIRMED**.

Defendant-Appellant Board of Education for the Iroquois Central School District ("School District") appeals from a May 21, 2019 judgment entered in favor of A.N. and R.N., parents of student R.N. (jointly, "Parents"). The District Court granted summary judgment in favor of the Parents on their claim for tuition reimbursement under the Individuals with Disabilities Education Act ("IDEA") on the basis that the School District had denied their son, R.N., a free appropriate public education ("FAPE") as required by the IDEA—specifically, because R.N.'s individualized education program ("IEP") was inadequate to provide meaningful educational advancement. On appeal, the School District argues, among other things, that the District Court erred in rejecting the analysis of the state review officer who concluded that the Parents were not entitled to tuition reimbursement because the School District had provided a FAPE to the student R.N. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

We review the District Court's grant of summary judgment *de novo. See T.K. v. New York City Dep't of Educ.*, 810 F.3d 869, 874 (2d Cir. 2016). In reviewing the decision of the state review officer under the IDEA, "we engage in an independent, but circumscribed, review, 'more critical . . . than clear-error review but . . . well short of complete *de novo* review.'" *Id.* at 875 (quoting *C.F. ex rel. R.F. v. New York City Dep't of Educ.*, 746 F.3d 68, 77 (2d Cir. 2014)). "We give 'due weight' to the state proceedings, affording particular deference where 'the state hearing officers' review has been thorough and careful.'" *Id.* (quoting *M.H. v. New York City Dep't of Educ.,* 685 F.3d 217, 240–41 (2d Cir. 2012)). But "where the [state review officer] rejects a more thorough and carefully considered decision of an [impartial hearing officer], it is entirely appropriate for the court, having in its turn found the [state review officer's] conclusions unpersuasive even after appropriate deference is paid, to consider the [impartial hearing officer's] analysis." *M.H.* 685 F.3d at 246.

The Parents seek reimbursement for the tuition paid to a private school for R.N.'s enrollment for the period of February 1, 2013, to June 30, 2013. "[U]nder what has come to be known as the '*Burlington-Carter* test,' parents who have unilaterally placed their child in private school will be entitled to reimbursement [retroactively] if (1) the school district's proposed placement violated the IDEA, (2) the parents' alternative private placement is appropriate to meet the child's needs, and (3) equitable considerations favor reimbursement." *E.M. v. New York City Dep't of Educ.*, 758 F.3d 442, 451–52 (2d Cir. 2014) (citing *C.F.*, 746 F.3d at 76); *see also Florence Cnty. Sch. Dist. Four v. Carter ex rel. Carter,* 510 U.S. 7, 15 (1993); *Sch. Comm. of Town of Burlington, Mass. v. Dep't of Educ. of Mass.,* 471 U.S. 359, 369 (1985). "Under New York law, 'the [local educational agency] bears the burden of establishing the validity of the IEP, while the parents bear the burden of establishing the

2

appropriateness of the private placement.'" *T.K. v. New York City Dep't of Educ.*, 810 F.3d 869, 875 (2d Cir. 2016) (quoting *C.F.*, 746 F.3d at 76).

On review, we affirm the award of summary judgment by the District Court for substantially the reasons given by Magistrate Judge Kenneth Schroeder, Jr. in his thorough November 15, 2016, Report and Recommendation, *see R.N. v. Bd. of Educ. for Iroquois Cent. Sch. Dist.*, No. 14-CV-211(LJV), 2016 WL 11607329, at *1–*24 (W.D.N.Y. Nov. 15, 2016), which was adopted by the District Court in its entirety in its May 20, 2019, Decision and Order, *see R.N. v. Bd. of Educ. for Iroquois Cent. Sch. Dist.*, No. 14-CV-211, 2019 WL 2170758, at *1–*2 (W.D.N.Y. May 20, 2019). Having found the state review officer's conclusions unpersuasive—and, at times, contradictory—the District Court reviewed the administrative record and properly considered the analysis of the impartial hearing officer. *See M.H.*, 685 F.3d at 246. In doing so, the District Court did not rely "on its own less informed educational judgment." *Id.* Finally, we find no error in the District Court's application of the three-factor *Burlington-Carter* test.

## CONCLUSION

We have reviewed all of the arguments raised by the School District on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the May 21, 2019, judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

3